"This case is before the court on plaintiffs motion for summary judgment and defendant’s opposition thereto. *435 American Fidelity Fire Insurance Company (plaintiff or 'surety’ hereinafter) is the Miller Act[1] surety on a contract entered into between Crown Asphalt Coating Company (Crown or 'contractor’ hereinafter) and the Department of the Navy.
"Plaintiff asserts that it has paid a subcontractor of Crown’s $56,990.03 and that this payment satisfied the claims of all unpaid suppliers on Crown’s contract with the Government. Plaintiff alleges that, although it notified defendant of the subcontractor’s claim in a timely fashion and demanded that defendant withhold further payment to the contractor, defendant nonetheless made a final progress payment of $42,776.80[2] to Crown. Plaintiff seeks to recover the entire amount of that final progress payment as partial reimbursement for the subcontractor’s claim it settled.
"Defendant admits that it erred in making the final payment to Crown and concedes that where, as here, the Government disburses the final contract payment, with notice, to the wrong party, the surety is entitled to recover. Defendant does, however, take issue with plaintiff over the precise amount of damages, contending that the extent of plaintiffs injury (if any) remains a disputed issue of material fact.
"Defendant suggests that Crown might have used the final payment (erroneously made to it) in such a way as to reduce plaintiffs injury. Defendant refers to an 'investigation’ and to 'extensive discovery’ which have 'revealed that a substantial portion of [the final payment] was used to pay Crown’s subcontractors, thereby reducing pro tanto the amount of claims [surety] was required to satisfy.’[3] In a footnote to its Brief in Opposition to Plaintiffs Motion, defendant informs us that 'it appears’ that the Surety would have faced claims 'in excess of $65,000,’ but for the fact that Crown used the final payment to satisfy certain subcontractors, thereby reducing the total claims to $56,990.03.[4]
*436 "Defendant goes on to say that, assuming Crown spent some part of the final progress payment to reduce the claims ultimately faced by plaintiff, defendant is entitled to an offset of an as yet undetermined amoun|t. Therefore, defendant concludes, since the extent of plaintiffs injury (and defendant’s asserted offset) remains a disputed issue of material fact, the case must be remanded to the Trial Judge for findings as to how the contractor spent the funds.
"We agree with plaintiff on the liability issue, but feel that further proceedings must be held to determine the amount of recovery.
"We have previously held that the Government is a stakeholder for the final progess payment and, when properly notified, makes the final payment at its own risk. See, e.g., American Fidelity Fire Ins. Co. v. United States, 206 Ct.Cl. 570, 513 F.2d 1375 (1975); Great American Ins. Co. v. United States, 203 Ct.Cl. 592, 492 F.2d 821 (1974). Because defendant concedes this to, be such a case, its liability to plaintiff follows.
"Defendant’s theory that it is entitled to an offset raises a question this court has not yet addressed. In our prior cases, no payment by the contractor so as allegedly to mitigate the surety’s loss was shown.' But, despite defendant’s urging that we reach the issue, we cannot (on the present state of the record) say that the instant case is the one which requires us to reach the offset question.[5] Because the factual foundation necessary to determine the amount *437 of damages has not been made, we remand for further proceedings.
"it is therefore ordered that plaintiffs motion for summary judgment is granted on the issue of liability. The case is remanded to the Trial Division, pursuant to Rule 131(c), for such further proceedings on the amount of damages as may be necessary.[6]”

 40 U.S.C. §§ 270a-270d (1970).

 Plaintiff refers to the sum as $42,776.80; defendant as $42,676.80. This discrepancy can be resolved in further proceedings.

 Defendant has not yet shared the specific results of its investigation with this court. Defendant has attached no affidavits nor exhibits to its pleadings or briefs; neither has it filed any such documents with the clerk of court.

 The source for the $56,990.03 figure is apparent from the record. That figure is *436 the exact amount which the surety paid to settle the one subcontractor’s claim which was filed. By affidavit, plaintiffs attorney states that plaintiff paid this amount in full and that no other claim has ever been made against the bond.
On the record before us there is no indication where the "in excess of $65,000” figure comes from. It is apparent that plaintiff, at one point in its communications with defendant, erroneously referred to the subcontractor’s claim as being in the amount of $65,990.03. See petition, para. 6,7,8. That particular figure was "reduced” to $55,990.03 upon correction of what seems clearly to have been a typographical error — it was not reduced by any action taken by Crown. We assume that defendant’s investigation has produced another basis for arriving at the $65,000. We merely point out that on this record we do not know what it is. Plaintiff states that it paid the claim of one subcontractor and that no other claims had ever been filed against it. Defendant maintains that Crown might have paid the claims of other subcontractors, thereby reducing the amount that plaintiff would otherwise have had to pay, and entitling defendant to an offset against the final progress payment in a like amount (i.e., plaintiffs recovery would be approximately $42,000 reduced by the as yet undetermined offset).

 Defendant has not yet made a showing that Crown used the proceeds of the final progress payment to plaintiffs benefit. Absent such a showing, this court does not decide whether it would or could have made any difference.

 Plaintiffs request for oral argument is premature and is denied without prejudice. Defendant’s contingent third-party cross-claim is not before the court and is not reached.