Contracts; sureties; rights and remedies of; retained contract funds. — On June 20, 1980 the court entered the following order:
Before Davis, Judge, Presiding, Kunzig and Bennett, Judges.
This case is before the court on plaintiffs motion for judgment on the pleadings, pursuant to Rule 38(c), unopposed by defendant. We grant the relief sought and award plaintiff $48,417.60.
. Highlands Insurance Company (hereinafter "plaintiff’ or "surety”) is the Miller Act surety, 40 U.S.C. § 270 et seq. (1976) on a construction contract entered into between Nick Wolfe, d/b/a Wolfe Construction Company (hereinafter, "Wolfe”) and the Army Corps of Engineers (Army Corps).
Wolfe began work on the Army Corps project, but was declared to be in default. The Army Corps demanded that plaintiff fulfill its surety obligations which it did by completing the construction project in place of Wolfe. Now *709 plaintiff seeks to obtain $81,682.60 the Army retained in unpaid contract proceeds, minus liquidated damages. Plaintiff and defendant agree liquidated damages total $33,265.00 so that the amount due plaintiff is $48,417.60.
Defendant, essentially a stakeholder in this situation, seeAmerican Fidelity Fire Insurance Co. v. United States, 206 Ct. Cl. 570, 513 F.2d 1375 (1975), does not object to award of the sum sought by plaintiff. The court made an award in a case similar to this in American Fidelity Fire Insurance Co. v. United States, 216 Ct. Cl. 434 (1978). The principal contractor on the project, Nick Wolfe, has been duly served notice of this action (October 22, 1979) pursuant to Rule 41, Third-Party Practice, but has not responded.
Accordingly, it is therefore ordered, upon consideration of the parties’ submissions, but without oral argument, that plaintiffs motion for judgment on the pleadings is granted. Plaintiff is awarded forty-eight thousand, four hundred seventeen dollars, sixty cents ($48,417.60).